UNITED STATES *v.* GABRIEL & SCHALL (No. 32).[1]

PRECIPITATED CARBONATE OF BARYTA.
    Under paragraph 489, tariff act of 1897, native or precipitated carbonate of baryta
    was nondutiable.

United States Court of Customs Appeals, November 30, 1910.

APPEAL from a decision of the Board of United States General Appraisers (T. D. 28921).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Charles Duane Baker* on the brief), for
the United States.
    *Curie, Smith & Maxwell* (*W. Wickham Smith* on the brief) for appellees.

    Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
    This is an appeal from the decision of the Board of United States
General Appraisers reversing the action of the collector at the port of
New York and sustaining the protests of the appellees. The impor-
tation consisted of merchandise known as "carbonate of baryta,"
which was returned for duty by the appraiser as chemical salts at 25
per cent ad valorem, under paragraph 3 of the tariff act of 1897, which
imposes the rate of 25 per cent ad valorem "on all chemical salts not
specially provided for by this act." The protestants claimed that the
merchandise was exempt from duty under paragraph 489 of said act,
which reads:

    Baryta, carbonate of, or witherite.

    It is the claim of the Government that this importation is a precip-
itated carbonate of baryta, and that the carbonate mentioned in the
free list is the native carbonate of baryta, and that the term "car-
bonate of baryta" in the free list does not include a precipitated car-
bonate of baryta. The one distinction between the native carbonate
of baryta and the precipitated carbonate of baryta is in its purity.
Precipitated carbonate of baryta is sometimes 99 per cent pure;
oftener, we infer from the testimony, 95 per cent pure, while native
carbonate of baryta is shown by the testimony to be from 78 to 94
per cent pure, but in certain specimens is found to be practically
entirely pure.

    The same question was raised between these same parties in a
former case and the Board of General Appraisers then held the impor-
tation dutiable as claimed in the present case by the Government.
This case was taken by appeal to the Circuit Court for the Southern
District of New York, and in an opinion by Judge Wheeler (121 Fed.
Rep., 208) the decision of the Board of General Appraisers was
reversed. The Government then made up this new case, offered some

─────────────

additional testimony to show the distinction between precipitated carbonate of baryta and natural carbonate of baryta, the Board of General Appraisers, however, finding in effect that the introduction of the new testimony before the board in the present case did not justifiy the board in departing from the decision rendered by the circuit court in the previous case.

The history of the legislation relating to this substance is in brief: By the tariff act of 1883, Schedule A, a tariff was laid on baryta as follows:

Baryta, sulphate of, or barytes, unmanufactured, ten per centum ad valorem.
Baryta, sulphate of, or barytes, manufactured, one-fourth of one cent per pound.

In the same act there was placed on the free list: "Baryta, carbonate or witherite."

In the act of 1890, by paragraph 49:

Baryta, sulphate of, or barytes, including barytes earth, unmanufactured, one dollar and twelve cents per ton; manufactured, six dollars and seventy-two cents per ton.

In the same act, in paragraph 500 of the free list, appears: "Baryta, carbonate of, or witherite."

The act of 1894, paragraph 395, continued on the free list:

Baryta, carbonate of, or witherite, and baryta, sulphate of, or barytes, unmanufactured, including barytes earth.

But paragraph 37 of the same act made "Baryta, sulphate of, or barytes, manufactured, dutiable, three dollars per ton."

In the tariff act of 1897, paragraph 44, it is provided:

Baryta, sulphate of , or barytes, including barytes earth, unmanufactured, seventy-five cents per ton; manufactured, five dollars and twenty-five cents per ton.

And in the free list, paragraph 489, appears: "Baryta, carbonate of, or witherite."

It will be seen that in the act of 1883, as well as in the act of 1890, the distinction was not made between manufactured and unmanufactured baryta, but was made between sulphate of baryta and carbonate of baryta, the latter being free of duty. The same words occur in the tariff act of 1897, and if given the same significance, would lead to the result that carbonate of baryta, irrespective of the manner of its production, was subject to entry free of duty.

We agree with the board in holding that there has been no such change of the status of this importation shown by the testimony in the later case as justifies us in departing from the rule of the circuit judge on the former appeal of these parties, and we are further satisfied that the language of the free list is broad enough to include this importation.

The order of the Board of General Appraisers is affirmed.